UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY THOMAS LEE BAKER,<br><br>Defendant. | 1:23-CR-10037-RAL<br><br><br>REPORT AND RECOMMENDATION FOR DISPOSITION OF MOTION TO SUPPRESS |

Anthony Thomas Lee Baker seeks to suppress evidence obtained from a search of his vehicle that stemmed from a traffic stop.[1] Because Baker's suppression motion is a dispositive one, the Court is only authorized to determine the same on a report and recommendation basis.[2] Based on the findings, authorities, and legal discussion made on the record at the January 11, 2024 hearing, the Court

RECOMMENDS that the motion to suppress be denied in all respects.

---

[1] Docket Nos. 18, 19.
[2] *See* 28 U.S.C. § 636(b)(1).

## NOTICE

The parties consented to a seven-calendar day objection period[3] (agreeing to cut the prescribed two-week time[4]) to keep the upcoming trial on track. They thus have seven days after service of this report and recommendation to object to the same. Unless an extension of time for cause is later obtained,[5] failure to file timely objections will result in the waiver of the right to appeal questions of fact.[6] Objections must "identify[] those issues on which further review is desired[.]"[7]

DATED this 11th day of January, 2024.

BY THE COURT:

*[signature]*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Suppr. Hr'g Tr. 59 (Dec. 8, 2023).
[4] *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).
[5] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).
[6] *See Thompson*, 897 F.2d at 357; *Nash*, 781 F.2d at 667.
[7] *Arn*, 474 U.S. at 155.